### WIBERG v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. APPEAL AND ERROR—HARMLESS ERROR.
   Where an expert witness subsequently testified that the car which killed plaintiff's decedent "was coming along this way very fast," and indicated a jumping motion by "this way," an erroneous exclusion of a question as to what, in his judgment, was the speed of the car when the accident occurred, was not reversible error.

2. APPEAL AND ERROR—EVIDENCE—COMPETENCY.
   In an action for damages for decedent's death, caused by one of defendant's cars, where the motorman of the car that killed decedent testified that he was present at the coroner's inquest, but was not examined as a witness, it was error to exclude the question whether he was asked by a juryman at the inquest if he saw the accident.

3. TRIAL—FORM OF QUESTIONS—EVIDENCE—COMPETENCY.
   In an action for damages for decedent's death, caused by one of defendant's cars, a question asked the motorman of the car that caused the accident, if he did not state at the coroner's inquest that he could not testify to anything about the accident, because he was too excited at the time to notice what occurred, is sufficiently specific; and it was error to sustain a general objection to the question, as calling for incompetent evidence.

Appeal from trial term, Kings county.

Action by John F. Wiberg, as administrator of the estate of Oscar R. F. Wiberg, deceased, against the Nassau Electric Railroad Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

H. Kettell (J. Edward Swanstrom, on the brief), for appellant.
John L. Wells, for respondent.

GOODRICH, P. J. The action is to recover damages for the death of a child between 3 and 4 years of age, who was run over and killed by a car of the defendant on Atlantic avenue, between Hoyt and Bond streets, at about 7 o'clock in the evening of September 15,

1898.  The sun sets at about 6 o'clock at this time of year.  There was an electric lamp in the vicinity.  The car which struck the child was an open one, with transverse seats, and was running towards the ferry.  Miss Anderson, a woman 21 years of age, had taken three children out for a walk,—one of eight, the deceased child, and a still younger one.  She attempted to cross from the south side of Atlantic avenue, and waited between the east-bound track and the curbstone until one or two cars going east had passed, when the oldest boy ran across the west-bound track in safety.  Oscar, the deceased, who had hold of Miss Anderson's hand, pulled away from her and attempted to follow his brother, and either was struck by the fender when he was between the rails of the west-bound track, or ran into the side of the car at a point two or three seats behind the motorman and slipped under the wheels, receiving the injuries of which he died. The jury found a verdict for the defendant, and there was evidence sufficient to support it.  The plaintiff appeals from the judgment and the order denying a motion for a new trial.

The plaintiff contends that there were errors in regard to evidence and in the charge which require reversal.  I deem it only necessary to refer to the following:  Lindstrom, a witness for the plaintiff, was asked as to the speed of the car.  He had testified that it was going 12 miles an hour some time before the accident.  He testified that he had often ridden on steam, trolley, and other cars, and had noticed their speed.  He was asked:

"From your experience in riding on the cars, and your observations, what, in your judgment, was the rate of speed at which this car that struck the child was going?"

The testimony was excluded under the defendant's objection.  As the witness afterwards testified that "he was coming along this way very fast," and indicated a jumping motion by "this way," I think the exclusion was not error.

The second objection arises in the evidence of Kelly, the motorman.  He testified fully as to the manner in which the accident happened.  His testimony was of the utmost importance to the defendant.  Among other things, he said that the car was going slowly; that he did not see the party until they came out from behind a car going east, and that they were then only 25 or 30 feet from him; that he shut off the power, put on his brake, and rang his bell; that he had his car under control; that the woman paid no attention; that neither of the children ran in front of his car, and that he did not see the child when it was struck,—evidently carrying the impression that the child ran into the side of the car.  It is true that this evidence was corroborated by the testimony of three witnesses, but as Kelly was the motorman, responsible for the management of the car, it was very important to the plaintiff that he should have the fullest opportunity to cross-examine him as to facts affecting his credibility.  On cross-examination he testified that he was present in the room at the coroner's inquest, saw the jury there, and knew that Mack, another motorman of the defendant, had testified there, but that he himself was not examined as a witness.  The following occurred:

"Q. Were you asked by one of the jurymen whether you saw the accident? (Objected to as calling for incompetent evidence. Objection sustained.) A. Yes; I believe I was. The Court: Don't answer the question. The objection is sustained. Mr. Baldwin: I move to strike out the answer. The Court: Granted. Q. Did you state when you were at the coroner's inquest that you couldn't testify to anything about the accident, because you were too excited to notice what occurred? (Objected to as calling for incompetent evidence. Objection sustained. Plaintiff excepts.)"

The witness, in answer to the first question, said that he was asked by one of the jurymen whether he saw the accident. It is true that his testimony to this effect had been stricken out by the court, but I think it was error to strike it out. It is to be noted that the objection to the question did not point out as a ground for the objection that the question was not sufficiently specific to indicate the time and place of the statement attributed to the witness. The objection merely was that the question called for incompetent evidence. It seems to me that the evidence for which it called was clearly competent. The question sought to extract an admission from the witness that at the time of the inquest, when his recollection would probably be much more accurate than it was at the time of the trial, he had declared that he could not tell anything about the accident, because he was too excited at the time to observe what happened. If the objection had been placed on the ground that the time, place, and circumstances of the supposed admission were not stated with sufficient particularity, that objection could have been obviated, and doubtless would have been obviated, by counsel. Indeed, I am inclined to think, under all the circumstances, that the question was sufficiently specific. It is not always necessary that the questioner shall specify all three elements,—time and place and person to whom the declaration or admission was made. As Sir James Fitzjames Stephen says in his Digest of the Law of Evidence, "it is enough if the circumstances of the supposed statement are referred to sufficiently to designate a particular occasion." Steph. Dig. Ev. art. 131. So, also, in Pendleton v. Dressing Co., 19 N. Y. 13, 18, Judge Denio said:

"It cannot, of course, be necessary that the precise date should be indicated, as that must often be difficult to ascertain, and, if ascertained, would not be likely of itself to recall the circumstance to the witness; but the place could easily be indicated and the accounts identified by a statement of the purpose of the interview, or other circumstance which would recall it to the mind of the witness if the conversation inquired of actually took place."

In the present case the time and occasion were distinctly indicated by mention of the coroner's inquest, and the person to whom the statement was made was indicated by reference to one of the jurymen. I think the evidence was proper and should have been admitted, and that it is impossible to say that its exclusion was not harmful to the plaintiff. Without passing upon the exception to the charge, I think that for the error stated the judgment and order should be reversed.

Judgment and order reversed and new trial granted; costs to abide the event. All concur.